JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MATTHEW BEISHL

**(b)** County of Residence of First Listed Plaintiff: BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

## DEFENDANTS
COUNTY OF BUCKS

County of Residence of First Listed Defendant: BUCKS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, ADA, PHRA
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00 in excess
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE: 
DOCKET NUMBER:

DATE: 07/05/2018
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _907 Old Orchid Lane, Bristol, P 19007_

Address of Defendant: _50 E. Court Street, Doylestown, PA 18901_

Place of Accident, Incident or Transaction: _50 E. Court Street, Doylestown, PA 18901_

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _07/05/2018_   _/s/ Sidney L. Gold, Esq._   _21374_
                     Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # *(if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _SIDNEY L. GOLD, ESQUIRE_, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: _07/05/2018_   _/s/ Sidney L. Gold, Esq._   _21374_
                     Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # *(if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __907 Old Orchid Lane, Bristol, P 19007__

Address of Defendant: __50 E. Court Street, Doylestown, PA 18901__

Place of Accident, Incident or Transaction: __50 E. Court Street, Doylestown, PA 18901__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __07/05/2018__   __/s/ Sidney L. Gold, Esq.__   __21374__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __SIDNEY L. GOLD, ESQUIRE__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __07/05/2018__   __/s/ Sidney L. Gold, Esq.__   __21374__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MATTHEW BEISHL | : | CIVIL ACTION |
| v. | : | |
| COUNTY OF BUCKS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| 07/05/2018 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW BEISHL, | CIVIL ACTION NO: |
| *Plaintiff,* | |
| v. | |
| COUNTY OF BUCKS, | |
| *Defendant.* | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of the Plaintiff, Matthew Beishl ("Plaintiff Beishl"), a former employee of the Defendant, County of Bucks ("Defendant"), who has been harmed by the Defendant's discriminatory and unlawful employment practices.

2. This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, et. seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et. seq.

**II.  JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiffs Beishl's claims are substantively based on both the FMLA and the ADA, and a substantial part of the events giving rise to Plaintiff Beishl's claims occurred within this district.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Beishl's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Beishl has satisfied all jurisdictional prerequisites to the maintenance of this action. On April 10, 2018, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue and this action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES:

6. Plaintiff, Matthew Beishl ("Plaintiff Beishl"), is a forty-six (46) year old male citizen of the Commonwealth of Pennsylvania, residing therein at 907 Old Orchid Lane, Bristol, PA 19007.

7. Defendant, County of Bucks ("Defendant"), is a county maintaining a place of business therein at 50 E. Court Street, Doylestown, PA 18901.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under the FMLA, the ADA, and the PHRA, and accordingly is subject to the provisions of each said Act.

### IV. STATEMENT OF CLAIMS

10. Plaintiff Beishl, a forty-five (45) year old male, was employed by the Defendant from on or about March 6, 2006, until on or about May 8, 2017, the date of his unlawful termination.

11. Upon commencing employment with the Defendant, Plaintiff Beishl held the position of Custodian. On or about 2010, the Defendant promoted Plaintiff Beishl to the position

of Groundskeeper Level 1. Throughout the course of his employment, Plaintiff Beishl maintained a satisfactory job performance rating in said capacities.

12. At all times relevant hereto, Plaintiff Beishl reported directly to David Sutterly ("Sutterly"), Maintenance Supervisor.

13. By way of background, on or about 1999 Plaintiff Beishl was diagnosed with Esophageal Achalasia, which is a disability within the meanings of the American Disabilities Act and Pennsylvania Human Relations Act in that it substantially impairs one or more of Plaintiff Beishl's major life activities, including, but not limited to sleeping and eating. The Defendant was aware of Plaintiff Beishl's disability at all times during Plaintiff Beishl's tenure of employment with the Defendant.

14. On or about March or April of 2015, Plaintiff Beishl commenced FMLA leave to undergo surgery related to his disability (Esophageal Achalasia).

15. Shortly thereafter, the Defendant commenced retaliating against Plaintiff Beishl for requesting reasonable accommodations and/or for exercising his rights pursuant to the FMLA.

16. On or about February of 2016, Jay McQuade ("McQuade") informed Plaintiff Beishl that he would be subject to a Loudermill disciplinary Hearing. The Defendant failed to provide any advanced oral notice of the charges against him. Further, Plaintiff Beishl's Loudermill Hearing was held on the same day he was informed he was subject to such hearing.

17. At said Loudermill Hearing, the Defendant informed Plaintiff Beishl for the first time that he was being charged with unknowingly exhausting his FMLA leave. In response thereto, Plaintiff Beishl relayed how taxing working at The Defendant's Neshaminy Manor location was on his health. Accordingly, Plaintiff Beishl requested that he not be transferred to

Neshaminy Manor in the future as a reasonable accommodation for his disability (Esophageal Achalasia).

18. On or about December of 2016, Kevin Spencer ("Spencer"), Director of General Services, again transferred Plaintiff Beishl to Neshaminy Manor. Additionally, Plaintiff Beishl was transferred over less senior Union members, which was in direct contradiction to his Union contract. Plaintiff Beishl apprised Spencer of his scheduled endoscopy in February of 2017 and again requested that he not be relocated as a reasonable accommodation for his disability (Esophageal Achalasia). Spencer refused to provide Plaintiff Beishl said accommodation, thereby failing to engage Plaintiff Beishl in the interactive process.

19. On or about January of 2017, Plaintiff Beishl was forced to utilize FMLA leave on four (4) consecutive days. Shortly thereafter, Sutterly falsely informed Plaintiff Beishl that since he had utilized four (4) consecutive days of FMLA leave, "county policy" mandated that he register for consecutive FMLA leave. Plaintiff Beishl informed Sutterly that it was only necessary to utilize four (4) consecutive days of FMLA leave because working at Neshaminy Manor had exacerbated his disability (Esophageal Achalasia) and severely affected his ability to sleep. Once again, Plaintiff Beishl pleaded that he be transferred back to Corecreek Park as a reasonable accommodation for his disability (Esophageal Achalasia). Nonetheless, Sutterly denied Plaintiff Beishl's request, thereby again failing to engage Plaintiff Beishl in the interactive process.

20. Subsequently, Plaintiff Beishl complied with Sutterly's request and filed for continuous FMLA leave with a return date scheduled for on or about February 21, 2017, which was several days after his endoscopy surgery.

21. On or about February 21, 2017, Plaintiff Beishl returned from FMLA leave. However, the Defendant sent Plaintiff Beishl home until he could produce a note from his primary physician certifying that he could resume normal work activities. Plaintiff Beishl scheduled an appointment with his primary physician for on or about February 27, 2017.

22. On or about March 1, 2017, Plaintiff Beishl returned to work. Shortly thereafter, Vicki Lawrence ("Lawrence"), Housekeeping Director informed Plaintiff Beishl that he would be subject to another Loudermill Hearing. Again the Defendant failed to provide Plaintiff Beishl with either a Loudermill Letter or any advanced oral notice of the charges against him.

23. At said hearing, Spencer falsely accused Plaintiff Beishl of abusing his FMLA leave.

24. On or about April of 2017, Plaintiff Beishl, for the first time, received a Loudermill Letter from Sutterly informing him that he would be subject to a third Loudermill Hearing on or about May 8, 2017.

25. On or about May 8, 2017, after conducting the Loudermill Hearing, the Defendant abruptly terminated Plaintiff Beishl's employment with the Defendant, allegedly for FMLA "fraud and abuse." The Defendant's allegations of FMLA fraud and abuse are false.

26. Plaintiff Beishl believes and therefore avers that the Defendant's articulated reason for his termination was pretextual, and that the Defendant actually terminated his employment due to his actual and/or perceived disabilities and/or record of impairments (Esophageal Achalasia), and/or in retaliation for Plaintiff Beishl's requests for reasonable accommodation and/or for exercising his rights pursuant to the FMLA.

## COUNT I
### (Violation of the FMLA – Retaliation)
### Plaintiff Beishl vs. the Defendant

27. Plaintiff Beishl incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

28. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Beishl for exercising his statutory rights pursuant to the FMLA, constitute a violation of the FMLA.

29. As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Beishl has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

30. By reason of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Beishl is entitled to liquidated damages, which he hereby claims of the Defendant.

## COUNT II
### (Violations of the ADA – Disability Discrimination, Failure to Accommodate, and Failure to Engage in the Interactive Process)
### Plaintiff Beishl vs. the Defendant

31. Plaintiff Beishl incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Beishl to unlawful discrimination on the basis of his actual and/or perceived disabilities and/or record of impairments (Esophageal Achlasia), failing to accommodate Plaintiff Beishl, and failing to engage in the interactive process with Plaintiff Beishl, constitute violations of the ADA.

33. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Beishl sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

34. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Beishl suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT III
### (Violation of the ADA – Retaliation)
### Plaintiff Beishl vs. the Defendant

35. Plaintiff Beishl incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Beishl for requesting a reasonable accommodation, constitute a violation of the ADA.

37. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Beishl sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

38. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Beishl suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (Violations of the PHRA – Disability Discrimination, Failure to Accommodate, And Failure to Engage in the Interactive Process)
### Plaintiff Beishl vs. the Defendant

39. Plaintiff Beishl incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth at length herein.

40. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Beishl to unlawful discrimination on the basis of his actual and/or perceived disabilities and/or record of impairments (Esophageal Achlasia), failing to accommodate Plaintiff Beishl, and failing to engage in the interactive process with Plaintiff Beishl, constitute violations of the PHRA.

41. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Beishl sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

42. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Beishl suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
### (Violation of the PHRA – Retaliation)
### Plaintiff Beishl vs. the Defendant

43. Plaintiff Beishl incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

44. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Beishl for requesting a reasonable accommodation, constitute a violation of the PHRA.

45. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Beishl sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

46. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Beishl suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

47. Plaintiff Beishl incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Beishl respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and Order the following relief:

a. A declaratory judgment that the Defendant has violated Plaintiff Beishl's rights pursuant to the aforesaid causes of action;

b. Defendant compensate Plaintiff Beishl for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

c. Defendant compensate Plaintiff Beishl with an award of front pay, if appropriate;

d. Defendant pay to Plaintiff Beishl liquidated damages, as allowable under the FMLA.

e. Defendant pay to Plaintiff Beishl compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as allowable by law.

    f.    Defendant pay to Plaintiff Beishl punitive damages under any applicable law, pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and expert witness fees, as allowable by law;

    g.    Defendant pay to Plaintiff Beishl such further and additional relief as may be just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff Beishl demands a trial by jury.

                              SIDNEY L. GOLD & ASSOCIATES, P.C.

                 By:    /s/Sidney L. Gold, Esquire
                            SIDNEY L. GOLD, ESQUIRE
                            I.D. NO.: 21374
                            1835 Market Street, Suite 515
                            Philadelphia, PA 19103
                            (215) 569-1999
                            **Attorneys for Plaintiff**

Dated: July 5, 2018

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 6/29/2018

_____
MATTHEW BEISHL, PLAINTIFF